UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTO NAJERA NAJERA,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>                    Respondents. | No. 1:26-cv-01122-DJC-JDP<br><br><br>ORDER |

       Petitioner Justo Najera Najera filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from ICE custody.  At Respondents' request, the Court will rule directly on the Petition.[1]

       Petitioner was arrested on June 7, 2025, after previously not having contact with immigration officials.  (Pet. ¶ 14.)  Petitioner requested a bond hearing.  This request was denied by the Immigration Judge who found they lacked jurisdiction as Petitioner was an applicant for admission and thus subject to mandatory detention

---

[1] Respondents initially filed a Motion to Dismiss noting that Petitioner had filed a separate Petition for Writ of Habeas Corpus.  However, Petitioner's Counsel in the other action has since withdrawn and Petitioner has voluntarily dismissed that action.  Thus, the Court will proceed to address the merits of this Petition.

1

under 8 U.S.C. § 1225(b)(2)(A). (*See* Pet. ¶ 43; *see also* ECF No. 2-3 at 45–46.) On September 30, 2025, an immigration judge also ordered Petitioner removed to Guatemala. (ECF No. 2-3 at 48–51.) Petitioner appealed that order and, as the appeal remains pending, that order is not yet final. (Pet. ¶¶ 21, 26.)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated in those cases, Petitioner has established that he is entitled to a bond hearing. As Petitioner has been present in the United States for some time, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2). *See Morillo*, 2025 WL 3707140, at *4. Thus, Petitioner is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing. Petitioner's present detention is thus in violation of the INA.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Petitioner's claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

2. Respondents are ORDERED to immediately release Petitioner Justo Najera Najera from their custody. Respondents shall not impose any additional restrictions on him/her/them, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner

1      in the event Petitioner becomes subject to an executable final order of
2      removal.
3   3. The Clerk of the Court is directed to close this case and enter judgment for
4      Petitioner.
5   4. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 17, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE